IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM J. BOSLEY, )
 )
        Plaintiff, )
 )
v. )
 ) Civil Action No. 06-1577
MICHAEL J. ASTRUE,[1] )
COMMISSIONER OF )
SOCIAL SECURITY, )
 )
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 2nd day of January, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007, succeeding JoAnne B. Barnhart.

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his application for SSI on September 7, 2004, alleging disability beginning July 16, 2000, due to low back pain. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on December 13, 2005, at which plaintiff appeared represented by counsel. On April 13, 2006, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on September 29, 2006, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 39 years old at the time of his alleged onset date and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a tractor trailer driver, production line worker and a hardware sales assistant, but he has not engaged in substantial gainful

activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine with facet changes, canal stenosis and neural foraminal narrowing, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of other limitations. Plaintiff is limited to occasional crouching, he must avoid balancing and climbing ladders, ropes and scaffolds, and he is limited to occasional pushing and pulling with the lower extremities to include the operation of pedals unless the action requires less than five pounds of force. In addition, plaintiff requires a sit/stand option that permits him to take four or five steps away from his workstation during a one minute period up to five times an hour. Further, plaintiff is precluded from work that involves prolonged cold temperature extremes, vibration equivalent to the level in a passenger car and extreme wetness and humidity. Finally, plaintiff is limited to work that does not involve exposure to moving machinery and unprotected heights, and

he is limited to simple, routine, repetitive tasks with simple, work-related decisions (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a linen room aide, janitorial worker, electronics tester or television monitor. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently

engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff claims that the ALJ erred by concluding that his impairments do not meet or equal any listing in Appendix 1. Further, plaintiff asserts that the ALJ's step 5 finding that he retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from

performing any gainful activity. 20 C.F.R. §416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that he meets or equals listing 1.02 (relating to major dysfunction of a joint) or listing 1.04C (relating to disorders of the spine). In addition, plaintiff asserts that the ALJ did not sufficiently explain his step 3 finding to allow for meaningful review.

Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff has degenerative disc disease of the lumbar spine with facet changes, canal stenosis and neural foraminal narrowing, which are severe impairments. The ALJ determined, however, that plaintiff's impairments do not meet or equal a listed impairment. The ALJ considered the listings

contained in sections 1.02 and 1.04 but he found that plaintiff's condition does not meet or equal the criteria of either of those listings. (R. 15). The ALJ then explained his reasoning as to why plaintiff's impairments do not meet or equal those listings. (R. 15).

The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his impairments meet, or are equal to, a listing. Other than broadly asserting that he meets or equals a listing and claiming that the ALJ did not sufficiently explain his step 3 finding, plaintiff did not identify medical evidence of record which establishes that he satisfies all of the criteria of a particular listing. For all of these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and

AO 72
(Rev. 8/82)

- 7 -

other functions. 20 C.F.R. §416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on two grounds, neither of which the court finds persuasive. Plaintiff argues that the ALJ erred at step 5 because: (1) he did not properly evaluate plaintiff's subjective complaints regarding his limitations; and (2) he incorrectly assessed plaintiff's residual functional capacity. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first claims that the ALJ erred in evaluating his subjective complaints regarding his limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints, and he explained why he found plaintiff's testimony not entirely credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of his treatment, plaintiff's own statements about his symptoms and statements by his physicians about his symptoms and how they affect him. See 20 C.F.R. §416.929(c)(1); Social

Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 16). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 16-17), and is satisfied that such determination is supported by substantial evidence.

Plaintiff next contends that the ALJ erred by finding that he has the residual functional capacity to perform light work. According to plaintiff, the ALJ's RFC Finding was flawed because he did not give controlling weight to the opinion of Dr. Milstein, who was his primary care physician, and, in addition, the ALJ's hypothetical to the vocational expert did not include all of plaintiff's impairments. The court finds that each of these arguments lack merit.[2]

---

[2]In connection with plaintiff's argument that the ALJ erred by finding that he has the residual functional capacity to perform light work, plaintiff also contends that the ALJ should not have relied on a functional capacity evaluation that indicated he could perform light work. The ALJ's decision references the functional capacity evaluation (R. 16), but it was just one piece of evidence that he considered among the many other objective medical tests and physicians' reports that the ALJ discussed in his decision. (R. 16-17).

Plaintiff first contends that the ALJ erred by giving inadequate weight to the opinion of Dr. Milstein. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §416.927(d)(2). Under this standard, Dr. Milstein's opinion was not entitled to controlling weight.

Dr. Milstein stated that plaintiff was temporarily disabled from September 10, 2004 to March 10, 2005 due to chronic low back pain and lumbar disc disease. (R. 192). Dr. Milstein's opinion was set forth on an employability assessment form for state welfare benefits. (R. 191-92). Whether or not plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant herein. A determination made by another agency regarding disability is not binding on the Commissioner of Social Security. See 20 C.F.R. §416.904. Here, Dr. Milstein's opinion that plaintiff was temporarily disabled simply was set forth on a "check-the-box" form without any objective medical evidence to support his conclusion. Indeed, a review of the medical evidence of record does not disclose the basis for Dr. Milstein's opinion. As noted by the ALJ, Dr. Milstein's treatment notes do not reflect any significant findings to support his opinion. For these reasons, the court finds that the ALJ correctly concluded that Dr. Milstein's opinion was not entitled to controlling weight. (R. 17).

Plaintiff's final argument is that the ALJ's hypothetical to the vocational expert did not include all of his impairments. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's functional limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: E. David Harr, Esq.
203 South Main Street
Greensburg, PA 15601

Paul Kovac
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219